1  William A. Hanssen (Bar No. 110613)
   Suzanne V. Stouder (Bar No. 161077)
2  DRINKER BIDDLE & REATH LLP
   1800 Century Park E, Suite 1500
3  Los Angeles, CA 90067
   Telephone: (310) 203-4000
4  Facsimile:  (310) 229-1285
   William.hanssen@dbr.com
5  Suzanne.stouder@dbr.com

6

7  Attorneys for Plaintiff
   FOREMOST GROUPS, INC. f/k/a FOREMOST
8  INTERNATIONAL TRADING CO., INC.

9              UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC.,<br><br>14           Plaintiff,<br><br>15      vs.<br><br>16  AYERS BATH (USA) CORPORATION,<br><br>17           Defendant. | Case No.  CV11-7473 GAF (Ex)<br>Hon. Gary A. Feess<br>Courtroom 740<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER MODIFYING DECEMBER 20, 2011 ORDER ON PRELIMINARY INJUNCTION TO VACATE PORTION OF ORDER REQUIRING POSTING OF PRELIMINARY INJUNCTION BOND; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date:   December 15, 2014<br>Hearing Time:   9:30 a.m.<br>Hearing Location: Courtroom 740 |
| 20  AYERS BATH (USA) CORPORATION<br><br>22           Counter-claimant,<br><br>23      vs.<br><br>24  FOREMOST GROUPS, INC. f/k/a FOREMOST INTERNATIONAL TRADING CO., INC.,<br><br>27           Counter-defendant. | |

28

PLEASE TAKE NOTICE that on December 15, 2014 at 9:30 a.m., or at such other time as the Court may consider this motion, Plaintiff Foremost Groups, Inc. f/k/a Foremost International Trading Co., Inc. (collectively "Foremost" or "Plaintiff") will move before the Hon. Gary A. Fees for an order modifying the Order on preliminary injunction issued December 20, 2011[Docket No. 32] to vacate the portion of the Order requiring Plaintiff to post a preliminary injunction bond.

This motion will be made on the ground that there has been a change of circumstances that obviate the need for the preliminary injunction bond, and will be based on this Notice of Motion and Motion and the accompanying Memorandum of Points and Authorities. A proposed Order is also submitted herewith.

DATED: November 11, 2014            DRINKER BIDDLE & REATH LLP

By:*/s/ William A. Hanssen*
    William A. Hanssen

    Attorneys for Plaintiff
    FOREMOST GROUPS, INC.. f/k/a
    FOREMOST INTERNATIONAL
    TRADING CO., INC.

2

NOTICE OF MOTION AND MOTION FOR ORDER MODIFYING DECEMBER 20, 2011 ORDER ON PRELIMINARY INJUNCTION TO VACATE PORTION OF ORDER REQUIRING POSTING PRELIMINARY INJUNCTION BOND

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND FACTUAL SUMMARY

On December 20, 2011, this Court properly enjoined Defendant Ayers Bath (USA) Corporation ("Ayers" or "Defendant") from selling, distributing and/or offering for sale any and all Tangshan Huida Ceramic Group Co., Ltd. ("Huida") bathroom vitreous china and/or porcelain and sanitary ware parts and products, including but not limited to toilets and kitchen and bathroom sinks, in the United States and Canada in violation of Foremost's exclusive distribution agreement (the "Preliminary Injunction Order") [Docket No. 32].

In paragraph 4 of the Preliminary Injunction Order, this Court required Foremost to post security in the amount of $100,000 pursuant to Rule 65(c) of the Federal Rules of Civil Procedure (the "Federal Rules").  Foremost posted the security and filed the undertaking for the preliminary injunction bond (the "Bond") on January 12, 2012 [Docket No. 35].  The Bond has remained in place since that date.

On March 22, 2013 (the "Petition Date"), Ayers filed a voluntary petition ("Petition") under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

On March 25, 2013, this Court entered an Order removing this action from the Court's active caseload until further application by the parties or Order of this Court.

Albert H. Siegel, the court-appointed Chapter 7 Trustee for the bankruptcy estate of the Debtor (the "Trustee"), is not operating Ayer's business but merely liquidating the bankruptcy estate.  Currently, the Trustee and his accountants are investigating the state of Ayers's financial affairs and identifying all available assets of Ayers with the aim of maximizing the value of the bankruptcy estate.

Given that Ayers has ceased all operations and will no longer exist following the liquidation of the bankruptcy estate, Foremost requests that this Court vacate that portion of the Preliminary Injunction Order requiring the posting of the Bond.

## II.     ARGUMENT

### A.     This Court has Discretion to Revise its Orders to Afford the Parties Relief in Light of Changed Circumstances.

A district court retains jurisdiction to modify the terms of its injunctions in the event that a change in circumstances requires it.  *See Anderson v. Central Point High School District No. 6*, 746 F.2d 505, 507 (9th Cir. 1984) (citing Fed. R. Civ. P. 60); *see also Taylor v. Chiang*, No. CIV. S-01-2407 WBS-GGH, 2007 WL 3049645, at *2 (E.D. Cal. Oct. 18, 2007) ("Once a preliminary injunction is issued, district courts have 'wide discretion' to modify it ….  A district court retains the power to modify a preliminary injunction at any time upon the consideration of new facts.") (internal quotations and citations omitted).

This Court by the Preliminary Injunction enjoined Ayers Bath from continuing to violate Foremost's exclusive distribution agreement through its sale and distribution of Huida products in the United States and Canada.  In exchange for the relief granted, this Court ordered Foremost to post the bond.  Ayers's cessation of operations, bankruptcy and pending liquidation are significant changed circumstances justifying modification to the Preliminary Injunction Order to remove the bond requirement.  Accordingly, this Court has discretion under Rule 60(b)(6) of the Federal Rules to modify its original order and dissolve that portion of the Preliminary Injunction Order requiring the posting and maintaining of the Bond.

/ / /

/ / /

/ / /

2

MEMORANDUM OF POINTS AND AUTHORITIES

### B. As Ayers Bath is No Longer in Business, A Preliminary Injunction Bond is not Required.

The Ninth Circuit interprets Rule 65(c) of the Federal Rules as "invest[ing] the district court with discretion as to the amount of security required, *if any*." *Jorgensen v. Cassidy*, 320 F.3d 906, 919 (9th Cir. 2003) (emphasis in original) (internal quotations and citations omitted). Where there can be no actual damages incurred or suffered by a party who is found to have been wrongfully enjoined or restrained, Rule 65(c) requires any bond to be set at zero or a nominal amount. *Id.* ("The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.") (internal citation omitted); *see also Barahona–Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (affirming district court's limiting bond to nominal amount where "any cost to the government, in the event it is found to have been wrongfully enjoined, would be minimal.").

In this case, given that it is no longer in business and is in the process of liquidating, Ayers cannot show that it would incur or suffer any damages by virtue of the wrongful enjoinment of its sale and distribution of Huida products. Because there is no longer any likelihood of harm to Ayers from enjoining its conduct, the portion of the Preliminary Injunction Order establishing the Bond should be vacated.

### III. Conclusion

For the above reasons, Foremost requests this Court to vacate that portion of the Preliminary Injunction Order establishing a preliminary injunction bond of $100,000.

/ / /

/ / /

/ / /

Dated: November 11, 2014      DRINKER BIDDLE & REATH LLP

By: */s/ William A. Hanssen*
   William A. Hanssen
   Suzanne V. Stouder

   Attorneys for Plaintiff
   FOREMOST GROUPS, INC. f/k/a
   FOREMOST INTERNATIONAL
   TRADING CO., INC.